■ ARLYSS L. McINDOE, Appellant, v. ITHACA LOAN FINANCE, INC., et al., Respondents.— HAMM, J. Appeal from summary judgment in favor of the respondents. The respondents, a finance company, the employees of the finance company and the Sheriff, broke the lock of the appellant's door, entered and removed various articles of furniture and appliances covered by a chattel mortgage executed by the appellant and held by the respondent finance company. The complaint contains no allegation that and no contention is made that the respondents failed to follow the required procedures of CPLR 7102, the replevin statute; only the right to replevy is attacked. Prior to the confiscation the appellant had filed a voluntary petition in bankruptcy listing household goods and furniture among her assets. The chattel mortgage was executed more than four months before the appellant's petition in bankruptcy. The appellant's action was brought in trespass apparently on the theory that the United States District Court "by its Referee in Bankruptcy or otherwise, had not given its consent or permission for the issuance of the writ of replevin as described above." Special Term noting that the appellant admitted in an examination before trial that she had been "neither touched physically nor abused", granted judgment on the ground that the trustee in bankruptcy was the only person who could attack the finance company's right to possession and that he had never asserted any right to the chattels as against the appellant. We note also that the complaint contains no allegations which would confer any right on the trustee under subdivision (c) of section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110, subd. [c]). This so-called "strong arm clause" confers on the trustee the status of a creditor holding a lien, the trustee is not bound by a mortgage not duly filed and has also the right to attack a mortgage as invalid. The terms of the mortgage gave the finance company the unqualified right on default to take possession of the goods covered by the mortgage. It is not disputed that the appellant was in default in her payments. The mortgage as stated was executed more than four months before the filing of the petition in bankruptcy. There is no allegation that the mortgage was not properly filed and there is no allegation that it was in any manner not a completely valid instrument at the time of confiscation. "Where a chattel mortgage  *  *  *  is in all respects valid as to creditors and is not itself an unlawful preference, the taking of possession of the property by the holder of the mortgage  *  *  *  by reason of a default therein  *  *  *  as authorized by its provisions, though within four months of the bankruptcy of the mortgagor  *  *  *  is not a transaction which may be avoided as an unlawful preference." (Eager, Chattel Mortgages and Conditional Sales, § 573, p. 753.) "The rule is that if a chattel mortgage  *  *  *  is supported by a fair consideration, free from fraud, properly filed and refiled and not a voidable preference within four months of the bankruptcy, it is binding on the trustee in bankruptcy." (Id., § 578, p. 762.) In her examination before trial the appellant referred to damage allegedly caused by the defendants to articles of personal property not covered by the mortgage. However, she submitted no affidavit in opposition to the motion for summary judgment and raises no issue as to such damage on this appeal. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.